EXHIBIT A

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 01:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk
22STCV37602

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



A TRUE COPY ATTEST

Process Server & Disinterested Person

12/9/22

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BOSTON SCIENTIFIC CORPORATION, a
Delaware corporation; and DOES 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BORIS TRIPOLSKIY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>22STCV37602 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Infuso, Esq., DRE LAW, A.P.C., 222 N. Canon Street, Ste 201, Beverly Hills, CA 90210; 213-265-7888

DATE: 12/01/2022                Sherri R. Carter Executive Officer / Clerk of Court          Clerk, by   S. Bolden          , Deputy
*(Fecha)*                                                                                    *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*   **Boston Scientific Corporation, a Delaware corporation**

   under: ☑ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)                   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)            ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 10:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV37602

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

Antonio Castillo, III
*Antonio@dre.law*
Daniel Infuso (SBN 327119)
*daniel@dre.law*
**DRE LAW, A.P.C.**
222 N. Canon Street, Suite 201
Beverly Hills, CA 90210
Tel: (213) 265-7888 | Fax: (844) 314-1380

Attorneys for Plaintiff,
BORIS TRIPOLSKIY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BORIS TRIPOLSKIY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No.: 22STCV37602<br><br>**COMPLAINT FOR:**<br><br>1. **Negligent Products Liability**<br>2. **Strict Products Liability**<br>3. **Breach of Warranty**<br>4. **Concealment**<br>5. **Negligent Misrepresentation**<br>6. **Negligence (General)**<br>7. **Intentional Infliction of Emotional Distress**<br>8. **Negligence (Per Se – State)**<br>9. **Negligence (Per Se – Federal)** |

## JURY TRIAL DEMANDED

1    Plaintiff, BORIS TRIPOLSKIY, an individual, by and through his attorneys of record, brings

2    this Complaint against Defendants BOSTON SCIENTIFIC CORPORATION, a Delaware

3    corporation, and DOES 1 to 20, inclusive, and in support alleges as follows:

4                                    **THE PARTIES**

5    1.    Plaintiff BORIS TRIPOLSKIY ("BORIS" or "Plaintiff") is an individual residing in

6    Los Angeles County, California.

7    2.    Plaintiff is informed and believes and based thereon alleges that at all relevant times

8    hereto, Defendant BOSTON SCIENTIFIC CORPORATION ("BSC" or "Defendants") is, a company

9    duly organized and existing under the laws of the State of California, with its principal place of

10   business in Marlborough, Massachusetts.

11   3.    The true names and capacities of Defendants sued as DOES 1 to 20, inclusive, are

12   presently unknown to Plaintiff.  Plaintiff is informed, believes, and thereon alleges that each such

13   Defendant is in some way responsible and liable for the events or happenings alleged in this

14   Complaint.  Plaintiff will amend this Complaint to allege their true names and capacities when

15   ascertained.

16   4.    Plaintiff is informed and believes, and based thereupon alleges, that at all times

17   relevant hereto, Defendants, and each of them, were the agents, employees, managing agents,

18   supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of

19   the other Defendants, and each of them, and in doing the things alleged herein were acting at least in

20   part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego

21   status, and/or joint venture and with the permission and consent of each of the other Defendants.

22                                **JURISDICTION AND VENUE**

23   5.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil

24   action wherein the entire matter in controversy, exclusive of interest and costs, exceeds the

25   jurisdictional minimum of the Court. The acts and omissions complained of in this action took place,

26   in whole or in part, in the County of Los Angeles, State of California.

27   6.    Venue is proper in this Court because a significant portion of the acts and/or omissions

28   complained of occurred within the venue of this Court, and the Defendants conduct business within

1  the County of Los Angeles, State of California.

2  **FACTUAL ALLEGATIONS**

3       7.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

4  herein Defendants, and each of them, including DOES 1 through 20, inclusive, were the agents,

5  servants, employee and/or joint ventures of their co-defendants and were acting within the course,

6  scope and authority of said agency, employment and/or venture. Each and every Defendant, as

7  aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every

8  other Defendant as an agent, employee and/or joint venture.

9       8.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

10  herein Defendant BOSTON SCIENTIFIC CORPORATION was and now is a corporation organized

11  and existing under and by virtue of the laws of the State of Massachusetts, that said Defendant was

12  and is authorized to do and is doing business in the State of California, and that said Defendant has

13  regularly conducted business in the State of California.

14       9.     At all times mentioned herein, Defendants BOSTON SCIENTIFIC CORPORATION,

15  and DOES 1 through 20, inclusive, and each of them, were and are engaged in the business of

16  manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting,

17  servicing, repairing, marketing, promoting, warranting, modifying, leasing, advertising and

18  implanting the product known as EMBLEM S-ICD Subcuta Model 3401, Serial Number A136024,

19  and each and every component part thereof (hereinafter referred to as "Pacemaker" or

20  "the Pacemaker") that is the subject matter of the instant case.

21       10.     The Pacemaker, EMBLEM S-ICD Subcuta Model 3401, battery life is alleged by

22  Defendants    to    be    8.7    years    as    stated    on    BSC    website.

23  www.bostonscientific.com/content/dam/bostonscientific/Rhythm%20Management/portfolio-

24  group/EMBLEM_S-ICD/Download_Center/EMBLEM-S-ICD-Spec-Sheet.pdf.

25       11.     On or about December 21, 2016, Plaintiff underwent a procedure at Cedar Sinai, in

26  California, wherein the Pacemaker was implanted into his chest.

27       12.     On December 14, 2020, at 11:00 p.m. Plaintiff's Pacemaker started beeping. He and

28  his wife were so frighted by the beep that he went to see Dr. Noori the first thing the next morning.

3
COMPLAINT

1  The beep still haunts him to this day.

2      13.    Dr. Noori's office called BSC and was told that the device's battery was depleted.

3  This is also when Plaintiff was told that the device was on a safety recall notice for that specific

4  reason. Plaintiff was never informed prior to this visit.

5      14.    On December 21, 2020, the Plaintiff underwent surgery by Doctor Shehata, at Cedars

6  Sinai to remove the defective device.

7      15.    The U.S. Food and Drug Administration (FDA) announced on Feb. 19, 2021, that

8  BOSTON SCIENTIFIC CORPORATION has issued a Class I recall of the EMBLEM S-ICD

9  (Subcutaneous Implantable Cardioverter Defibrillator) system due to risk of short circuit that may

10  lead to injury or death.

11      16.    Plaintiff is informed and believes, and based thereon alleges, that in or about February

12  2021, Defendants issued a medical recall or otherwise advised Plaintiff's physicians that

13  the Pacemaker and/or its component parts were defective. Plaintiff learned about the subject notice

14  that the Pacemaker was defective for the first time from his doctor. Since the time his doctor

15  informed him of this, Plaintiff has conducted his own research and has learned that the Pacemaker has

16  failed on numerous occasions in other patients throughout the country. This has caused Plaintiff

17  continuous emotional distress giving him concern regarding the failure of the product and the

18  potential of a subsequent thoracic surgery to explant the Pacemaker and implant another pacemaker.

19  Plaintiff then began experiencing debilitating and frightening shocking sensations into his shoulder

20  and heart, and as a result, he underwent a surgery in December 2020, to explant the Pacemaker and

21  install a new pacemaker. As a result of the incident, Plaintiff was hospitalized for weeks.

22      17.    Defendants created, manufacturers, sold, designed, and put into the stream of

23  commerce a defectively designed pacemaker, Pacemaker EMBLEM S-ICD Subcuta Model 3401,

24  which caused harm to Plaintiff. Further, Defendant failed to warn Plaintiff of the Pacemaker risks.

25                      **FIRST CAUSE OF ACTION**

26           **[NEGLIGENCE PRODUCTS LIABILITY AGAINST ALL DEFENDANTS]**

27      18.    Plaintiff refers to the allegations contained in paragraphs of this Complaint and

28  incorporates them by reference as though fully set forth herein.

19.     At all times mentioned herein, Defendants and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, servicing, repairing, marketing, promoting, warranting, modifying, leasing advertising and implanting the product known as the EMBLEM S-ICD Subcuta Model 3401 and each and every component part thereof, which Defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design. Such negligent acts include, but are not limited to, designing the Pacemaker in such a way that Defendants knew, should have known and/or ultimately learned by history that it would fail or did fail when used in a foreseeable manner, and failing to use reasonable care to warn end-user of the aforementioned defect with the Pacemaker.

20.     At all times mentioned herein, Defendants, and each of them, negligently and carelessly manufactured, fabricated, designed, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, promoted, warranted, modified, leased, and advertised the Pacemaker and each and every component part thereof, and knew or should have known that the Pacemaker was capable of causing and in fact did cause personal injuries to numerous consumers while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by doctors, patients, and/or end-users of the Pacemaker. Defendant was a commercial seller of the Pacemaker at all relevant times. Plaintiff used Defendants Pacemaker, from, on or about December 21, 2016. The product is inherently unsafe, and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community.

21.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendants, and each of them, breached their above-referenced duties by negligently, recklessly, and/or carelessly manufacturing, fabricating, designing, synthesizing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about, warning and/or failing to warn of defects in or dangers associated with the use of the Pacemaker, including all or some component

parts thereof, thereby rendering the product unsafe and dangerous for use by consumers, which consequently caused damages to Plaintiff and a fear of future damages and surgeries given the product's track record with other consumers. Defendants defectively designed the Pacemaker.

22.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered emotional distress including mental and nervous pain and suffering, and other physical injury, extreme pain, and suffering. Plaintiff is informed and believes, and thereupon alleges, that the Pacemaker implanted in his body was subject to recall, was defective, was likely to fail, and indeed, did fail, sending debilitating and frightening shocking sensations into Plaintiff's shoulder and heart, requiring an explanation and replacement surgery which foreseeably led to a severe infection which required Plaintiff to be hospitalized.

23.     As a direct and proximate result of the conduct of Defendants, and each of them Plaintiff was compelled to and has employed the services of hospitals, physicians, surgeons, nurses and the like, to care for his cardiac and other conditions brought on as a result of the need to explant the defective Pacemaker. It is Plaintiffs position that he will necessarily incur additional expenses for an indefinite period of time in the future to monitor his condition and to address any further medical conditions which he expects will yet arise as a result of the explanting of the defective Pacemaker. Expenses for such procedures will be stated according to proof pursuant to California Code of Civil Procedure § 425.10.

24.     As a direct and proximate result of the conduct of Defendants, and each of them Plaintiff has been prevented from attending his usual occupation and will be prevented from attending his usual occupation for a period of time in the future thus sustaining a loss of earning capacity in addition to lost earnings, past, present and future. The exact amount of said losses are currently unknown to Plaintiff. When said amounts are ascertained, Plaintiff will ask for leave of Court to amend this Complaint and state the same.

25.     Defendants created, manufacturers, marketed, sold, designed, put into the stream of commerce a defective pacemaker, Pacemaker EMBLEM S-ICD Subcuta Model 3401, which caused harm to Plaintiff.

**SECOND CAUSE OF ACTION**

**[STRICT PRODUCTS LIABILITY AGAINST ALL DEFENDANTS]**

26.   Plaintiff refers to the allegations contained in paragraphs of this Complaint and incorporates them by reference as though fully set forth herein.

27.   At all times mentioned herein, Defendants, and each of them, manufactured fabricated, designed, assembled, distributed, bought, sold, inspected, serviced, repaired marketed, promoted, warranted, leased, modified, advertised and implanted the Pacemaker, and each and every component part thereof, which contained design and manufacturing defects, all of which were capable of causing and in fact did cause personal injuries to consumers while the product was used in a reasonable and foreseeable manner thereby rendering the product unsafe and dangerous for us by the consumer, user, end-user, doctor, patient, or others. Defendants defectively designed the Pacemaker, where Plaintiff used Defendants Pacemaker, from, on or about December 21, 2016. The product is inherently unsafe, and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community. Defendants are liable under 21 U.S.C. Section 360k(a.).

28.   Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein the Pacemaker was defective when placed on the market by Defendants and was of such a nature that the defects would not be discovered in the normal course of use thereof. At all times relevant herein the Pacemaker was in substantially the same condition as it was when it was originally placed into the stream of commerce by Defendants.

29.   Defendant was a commercial seller of the Pacemaker at all relevant times.

30.   Defendants being designer/ manufacturer/ supplier/ installer/ repairer is negligent and failed to use the amount of care in designing/ manufacturing/ inspecting/ installing/ repairing the product that a reasonably careful designer/ manufacturer/ supplier/ installer/ repairer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm. Defendant knew or should have known about the likelihood and severity of potential harm from the product Pacemaker against the burden of taking safety measures of installing a better battery at marginal additional cost to the manufacturer, to reduce or avoid the harm.

31.     Plaintiff is informed and believes, and thereupon alleges, that Defendants and their officers, directors, and employees and/or managing agents of Defendants, and each of them were aware of the danger of the Pacemaker and the severity of risk of injury to users of the Pacemaker in that the product was faulty in design and manufacture and that the product was inadequate to protect patients from foreseeable malfunctions, thus allowing patients to become injured.

32.     Plaintiff is informed and believes, and thereupon alleges, that Defendants and their officers, directors, and employees and/or managing agents knew, or should have known, that the Pacemaker was extremely dangerous and defective and likely to result in serious bodily injury to the users of said device. Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, knew of the availability of safer, affordable alternative designs for the device which would have reduced or eliminated the risk of severe injuries to patients and knew they had a duty to warn users or potential users of the device of its history and propensity for failure. Defendants unreasonably threatened Plaintiff's life by creating a selling a defective product which caused Plaintiff to suffer injury.

33.     Defendants failed to warn of all risks of the Pacemaker battery failure that will require life threatening emergency surgery. No warning was given to Plaintiff. Any warning that was given to Plaintiff was inadequate.

34.     Defendants' product was defective in design since the battery used in the Pacemaker was significantly inferior, lasting less than half of the anticipated 8.7 years it should have lasted

35.     As a direct and proximate result of the above-described conduct of Defendants, and each of them, and the defects in the Pacemaker, Plaintiff had the defective product implanted into his body which Plaintiff is informed and believes, and on that basis alleges, was recalled by the manufacturer and the FDA and was susceptible to malfunctioning, resulting in additional injuries and surgeries to Plaintiff.

36.     As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiff was prevented from attending his usual occupation. Plaintiff is informed and believes, and thereupon alleges, that he will continue to be prevented from attending his usual occupation and will sustain a loss of earning capacity in addition to loss of earnings in the future The exact amount of

1 | such losses will be stated according to proof pursuant to <u>California Code of Civil Procedure § 425.10</u>.

2 | 37. As a direct and proximate result of the conduct of Defendants, and each of them

3 | Plaintiff has been severely injured in his health, strength and activity and sustained injuries and shock

4 | to his nervous system and person resulting in severe mental and nervous pain and suffering.

5 | 38. Plaintiff suffered harm, including but not limited to, emergency life threatening

6 | surgery, pain, and suffering.

7 | **THIRD CAUSE OF ACTION**

8 | **[BREACH OF WARRANTY AGAINST ALL DEFENDANTS]**

9 | 39. Plaintiff refers to the allegations contained in this Complaint and incorporates them

10 | by reference as though fully set forth herein.

11 | 40. Defendants, and each of them, impliedly and expressly warranted to Plaintiff that the

12 | subject Pacemaker, and each of every component part thereof, was fit for the purpose for which it

13 | was to be used and was free from design and manufacturing defects. Further that the battery would

14 | last 8.7 years, per advertised on BSC's website.

15 | 41. The Pacemaker, and each and every component part thereof, was not free from

16 | such defect nor fit for the purpose for which it was to be used and was, in

17 | fact, defectively manufactured and designed and imminently dangerous to patients, user and end-

18 | users in that the device was capable of causing, and did in fact cause, personal injury to patients and

19 | consumer thereof while being used in a manner reasonably foreseeable, thereby rendering the same

20 | unsafe and dangerous for use by patients, including Plaintiff.

21 | 42. At all times mentioned herein, Defendants, and each of them, were engaged in the

22 | business of an had a duty to manufacture, fabricate, design, assemble, distribute, test, inspect, service,

23 | repair, market, promote, warrant, maintain, warn, instruct and/or advertise the Pacemaker, and every

24 | component part thereof, in a reasonable manner. Defendants knew, or in the exercise of reasonable

25 | care should have known, that the product would be used without an inspection for defects in its parts,

26 | mechanisms, manufacture, or design.

27 | 43. At all times mentioned herein, Defendants, and each of them, by and through their

28 | officers, directors, employees and/or managing agents, negligently, recklessly, and/or carelessly

manufactured, designed, assembled, distributed, sold, inspected, marketed, warranted, promoted, instructed, implanted and/or advertised the Pacemaker, and each and every component part thereof, given the fact that the product was capable of causing and in fact did cause personal injuries to consumers and/or end-users thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for us by said consumers and end-user.

44.     As a direct and proximate result of the above-described conduct of Defendants, and each of them, Plaintiff has suffered severe personal injuries and emotional trauma and shock to his nervous system, requiring emergency surgery, as well as severe injury to his health and pain and suffering.

45.     As a further direct and proximate result of the conduct of the Defendants, Plaintiff was prevented from attending his usual occupation. Plaintiff is informed and believes, and thereupon alleges, that he will continue to be prevented from attending his usual occupation and will sustain a loss of earnings in addition to loss of earnings in the future. The exact amount of such losses will be stated according to proof pursuant to California Code of Civil Procedure §425.10.

46.     As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiff has been hurt and severely injured in his health, strength and activity and sustained injuries of shock to his nervous system and person which have caused and continue to cause Plaintiff great mental and nervous pain and suffering all to his general damage and in an amount which will be stated according to proof pursuant to California Code of Civil Procedure §425.10.

**FOURTH CAUSE OF ACTION**

**[CONCEALMENT AGAINST ALL DEFENDANTS]**

47.     Plaintiff refers to the allegations contained in the paragraphs of this Complaint and incorporates them by reference as though fully set forth herein.

48.     At all times mentioned herein, Defendants were under a fiduciary duty to disclose material facts related to the status of the Pacemaker to Plaintiff, his medical practitioners, and the medical facilities treating him with regards to the status of the Pacemaker.

49.     Plaintiff is informed and believes, and thereupon alleges, that the Defendants, and each of them, failed to disclose or suppressed important facts concerning the Pacemaker including,

but not limited to, the following:

    A.  Known problems associated with the failure of the Pacemaker.

    B.  Defendants' business and financial relationship to one another to design manufacture, advertise, market, promote, sell, and implant the Pacemaker for financial gain and profit.

    C.  At the time these failures to disclose and concealment of facts occurred Plaintiff was ignorant of the existence of the true facts. If Plaintiff had been aware of the existence of the true facts not disclosed by Defendants, Plaintiff would not have approved the surgery and the insertion of the Pacemaker.

    50.    As a direct and proximate result of Defendants' acts of concealment and suppression, Plaintiff has suffered injuries.

    51.    As a direct and proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred medical and incidental expenses which shall be ascertained and presented at the time of trial. presented at the time of trial.

    52.    As a direct and proximate result of the conduct of Defendants, and each of them Plaintiff has been hurt and injured in his health, strength and activity and sustained injuries of shock to his nervous system and person which have caused and continue to cause Plaintiff great mental and nervous pain and suffering all to his general damage and in an amount which will be stated according to proof pursuant to California Code of Civil Procedure § 425.10.

    53.    As a direct and proximate result of the conduct of Defendants, each of them Plaintiff was hurt and injured in his health, strength and activity and sustained injury to his nervous system causing severe mental and nervous pain and suffering and anguish. As a result of these injuries, Plaintiff has suffered general damages in a sum to be stated according to proof at the time of trial.

    54.    The acts taken toward Plaintiff, as described above, were committed by or authorized, ratified or otherwise approved by officers, directors or managing agents of these Defendants and were carried out in a deliberate, callous, intentional and/or unreasonable manner, thereby causing damage to Plaintiff, and were done with conscious disregard of Plaintiffs rights and with the intent to vex, injure and annoy Plaintiff such as to constitute oppression, fraud oi malice under California Code of Civil Procedure § 3294. Plaintiff therefore requests that assessment of punitive damages against

1  Defendants in an amount appropriate to punish or set an example of said Defendants.

2  **FIFTH CAUSE OF ACTION**

3  **[NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS]**

4      55.    Plaintiff refers to the allegations contained in paragraphs of this Complaint and
5  incorporates them by reference as though fully set forth herein.

6      56.    Plaintiff selected Defendants' device, and each of them, by relying on the
7  representations of Defendants, and each of them, and believed that Defendants possess of superior
8  medical device, knowledge, excellence, and ethics in the field of medical products.

9      57.    Defendants, and each of them, had a duty of utmost care as medical professionals to
10  advise, warn and represent to Plaintiff the true facts relating to the Pacemaker, including any FDA
11  approved and non-approved uses, its known failures in other cases, the business and financial
12  relationship among Defendants, and the known consequences of implanting a device with a history
13  of defects and failures. Defendants, and each of them, breached their duties to Plaintiff by negligently
14  making representations that were false including, but not limited to, the following:

15      A.    The Defendants designed and manufactured the Pacemaker and that it worked
16      well without adverse consequences.

17      B.    That the Pacemaker would give Plaintiff 8.7 years of service and would not
18      malfunction

19      58.    Defendants, and each of them, should have known that the representations were false
20  when they were made or that they made representations without regard for the truth of the matters
21  stated.

22      59.    Defendants, and each of them, intended Plaintiff to rely on the representations
23  Plaintiff's reliance on the representations of Defendants, and each of them, was a substantial factor
24  in causing the harm and damages sustained by Plaintiff.

25      60.    The negligent misrepresentations of the Defendants, and each of them, were made in
26  the course of the care given to Plaintiff which was a substantial factor in causing all of the damages
27  alleged herein.

28      61.    As a direct and proximate result of the above-described conduct of Defendants, and

1   each of them, Plaintiff has suffered severe trauma to his nervous system including emotional distress,

2   pain, and suffering. Plaintiff has incurred medical expenses and will continue to incur medical

3   expenses in the future.

4       62.    . As a direct and proximate result of the conduct of Defendants, and each of them

5   Plaintiff has been hurt and injured in his health, strength and activity and sustained injuries of shock

6   to his nervous system and person which have caused and continue to cause Plaintiff great mental and

7   nervous pain and suffering all to his general damage and in an amount which will be stated according

8   to proof pursuant to California Code of Civil Procedure § 425.10.

9       63.    As a direct and proximate result of the conduct of Defendants, and each of them

10   Plaintiff was hurt and injured in his health, strength and activity and sustained injuries of shock to

11   his nervous system all of which have caused and continue to cause Plaintiff great mental and nervous

12   pain and suffering.

13       64.    Plaintiff alleges that the news of the possible malfunction of

14   the defective Pacemaker and its ultimate actual malfunction caused him great fear of damage and

15   surgeries and possibly death, given that he had implanted in his body a defective and

16   recalled product that has proved to be defective in other consumers, all of which encompass a part of

17   his general damages in an amount which will be stated according to proof at the time of trial.

18   **SIXTH CAUSE OF ACTION**

19   **[NEGLIGENCE AGAINST ALL DEFENDANTS]**

20       65.    Plaintiff refers to the allegations contained in paragraphs of this Complaint and

21   incorporates them by reference as though fully set forth herein.

22       66.    Plaintiff was owed a duty of care, and a duty not to harm Plaintiff. Defendants owed

23   a duty to Plaintiff not to sell, design, market, put into the stream of commers a defective product,

24   and/or a product that harms Plaintiff. Defendants owed a duty to warn Plaintiff of known dangers of

25   their products, including the Pacemaker.

26       67.    Defendant breached that duty of care to the Plaintiff when Defendants unreasonably

27   threatened Plaintiff's life by creating a selling a defective product which caused Plaintiff to suffer

28   injury. Defendants breached their duty to Plaintiff by negligently supervising, controlling, the

1    Pacemaker's product quality control or the Pacemaker designing to reduce the risk to Plaintiff, and/or

2    even by warning Plaintiff. Defendants, each of them, breach their duty to Plaintiff by selling a

3    defective product that harmed Plaintiff. Defendants, each of them, breach their duty to Plaintiff by

4    failing to warn of latent, hidden, unknown, and or known dangers of the Pacemaker, and failing to

5    warn Plaintiff of the need for abrupt battery failure of the Pacemaker substantially sooner that

6    advertises by Defendants BSC. The product is inherently unsafe, and the product is known to be

7    unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common

8    to the community. Defendants failed to adequately recall the Pacemaker as Defendants were aware

9    of dangers after the product was on the market, without adequate campaign. Defendants acted

10   unreasonable. Defendants' conduct was inherently dangerous.

11       68.    Defendants' conduct was a substantial factor in causing directly and proximately the

12   cause of Plaintiff's injuries. Plaintiff underwent surgery due to the Defendants defective Pacemaker

13   and failure to be warned of the Pacemakers dangers including the danger of the battery failing several

14   years before BSC advertised.

15       69.    Plaintiff suffered damages, including unnecessary surgery unexpectedly, emotional

16   distress, medical bills, and pain and suffering.

17                           **SEVENTH CAUSE OF ACTION**

18           **[INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL**

19                                **DEFENDANTS]**

20   Plaintiff refers to the allegations contained in paragraphs of this Complaint and incorporates them

21                        by reference as though fully set forth herein.

22       70.    Defendants conduct, as alleged herein, amounted to extreme and outrageous conduct,

23   including but not limited to knowing selling a defective product that harmed Plaintiff especially given

24   the vital importance and sensitivity of a heart pacemaker, failing to warn Plaintiff of the need for

25   abrupt battery failure of the Pacemaker substantially sooner that advertises by Defendants BSC.

26       71.    Defendants intentionally, or recklessly, disregarded the probability of causing

27   Plaintiff emotional distress. Defendants knew or should have known the Pacemaker was defective,

28   yet continued to sell, recklessly and/or intentionally put into the stream of commers a defective

                                        14
                                    COMPLAINT

1    product which caused harm to the user, Plaintiff.

2        72.    Defendants' conduct, as alleged herein, was severe and went beyond all bounds of

3    decency.

4        73.    Defendants conduct cause the Plaintiff to suffer severe emotional and mental distress

5                            **EIGHTH CAUS OF ACTION**

6            **NEGLIGENCE [PRE SE – STATE- AGAINST ALL DEFENDANTS]**

7        74.    Plaintiff repeats, realleges and incorporates herein by this reference all of the

8    preceding allegations as though set forth in full.

9        75.    California Health and Safety Code, §§ 111245, 111295, and 111320 make it

10   unlawful to manufacture, sell, deliver, hold, or offer for sale any drug or device that is adulterated

11   under federal law. These statutes are parallel to, and do not impose requirements in addition to, or

12   different from, requirements applicable to Advanced Bionics cochlear implant devices under federal

13   law.

14       76.    Defendants violated the federal requirements specified above in connection with the

15   design, manufacture, testing, assembly, inspection, labeling, packaging, supplying, marketing,

16   selling, distribution, advertising, preparing for use, and warning of the risks and dangers of

17   Defendant's devices. As a result, BORIS TRIPOLSKIY'S EMBLEM S-ICD Subcuta Model 3401,

18   Serial Number A136024 device was adulterated under federal law, 21 U.S.C. § 35 1(e), (f), and (h).

19   As a result, BOSTON SCIENTIFIC CORPORATION violated Hlth & S. Code, § 111295, which

20   make it unlawful to manufacture, sell, deliver, hold, or offer for sale any device that is adulterated

21   under federal law.

22       77.    BORIS TRIPOLSKIY, as the user of his EMBLEM S-ICD Subcuta Model 3401,

23   Serial Number A136024 device, is within the class of persons that Hlth. & S. Code §§

24   111245, 111295, and 111320 are designed to protect and Plaintiffs' injuries are the type of harm these

25   statutes are designed to prevent.

26       78.    As a direct and proximate result of violations of Hlth. & S. Code §§ 111245, 111295,

27   and 111320 by BOSTON SCIENTIFIC CORPORATION, Plaintiffs have sustained and will

28   continue to sustain physical injuries, emotional distress, economic losses and other damages for

15

COMPLAINT

1  which they are entitled to damages.

2      79.      BOSTON SCIENTIFIC CORPORATION had specific knowledge of the unusually

3  high rate of device failures, that the devices were not tested or validated in accordance with federal

4  law, and that the devices were adulterated, prior to the date that Plaintiff's EMBLEM S-ICD Subcuta

5  Model 3401, Serial Number A136024 device implants were surgically implanted. BOSTON

6  SCIENTIFIC CORPORATION either knew or should have known, that its equipment was not

7  capable of measuring or detecting device failure yet represented otherwise. BOSTON SCIENTIFIC

8  CORPORATION conduct, as set forth herein, was done with oppression, fraud, and/or malice, and

9  in conscious, willful, and reckless disregard of Plaintiffs' health, safety, and welfare. Accordingly,

10  Plaintiffs are entitled to recover exemplary damages.

11                    **NINTH CASUE OF ACTION**

12       **[NEGLIGENCE PER SE – FEDERAL – AGAINST ALL DEFENDANTS]**

13      80.      Plaintiff repeats, realleges and incorporates herein by this reference all of the

14  preceding allegations as though set forth in full.

15      81.      Defendants have an obligation not to violate the law in the manufacture, design,

16  testing, assembly, inspection, labeling, packaging, supplying, marketing, selling, distribution,

17  advertising, preparing for use, warning of the risks and dangers of the Pacemaker.

18      82.      Defendants were negligent in at least the following ways, although there are additional

19  means by which the Defendants were negligent for violation of federal statutory and regulatory law.

20      83.      BOSTON SCIENTIFIC CORPORATION deviated from the FDA-approved design,

21  warning, and manufacturing specifications for the by, among other things, failing to warn of dangers,

22  including the violations described herein.

23      84.      BOSTON SCIENTIFIC CORPORATION failed to comply with the conditions of

24  approval specified in the FDA PMA approving the Pacemaker, including but not limited to the

25  allegations herein.

26      85.      Defendants' acts constitute an adulteration, misbranding, or both, as defined by the

27  Federal FDCA, 21 U.S.C. §§ 331(a) and 333(a)(2) and applicable FDA regulations, and constitute a

28  breach of duty subjecting Defendants to civil liability for all damages arising therefrom and from

1  parallel state law requirements, under the theory of negligence per se.

2      86.    Plaintiffs, as purchasers of the Defendants' Device, are within the class of persons the

3  statutes and regulations described above are designed to protect, and Plaintiffs' injuries are the type

4  of harm these statutes and regulations are designed to prevent.

5      87.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have

6  sustained and will continue to sustain severe physical injuries and/or death, severe emotional distress,

7  economic losses (including but not limited to past and future medical expenses) and other damages

8  for which they are entitled to compensatory and equitable damages and declaratory relief in an

9  amount to be proven at trial. Defendants are liable to Plaintiffs for all general, special, and equitable

10  relief to which Plaintiffs are entitled by law.

11                              **PRAYER FOR RELIEF**

12      Plaintiff seeks judgment against Defendants, and each of them jointly and severally, as

13  follows:

14      1.  For general damages according to proof, with interest thereon according to law; and

15      2.  For special damages according to proof, with interest thereon according to law; and

16      3.  For such other and further relief as the Court deems just and proper; and

17      4.  For hospital, medical, professional and incidental expenses according to proof; and

18      5.  For loss of earnings and loss of earning capacity according to proof; and

19      6.  For prejudgment interest according to proof; and

20      7.  For pretrial interest according to statute; and

21      8.  For punitive damages

22  Dated: November 30, 2022                    DRE LAW, A.P.C.

23

24                                              By: _____

25                                              Antonio Castillo, III, Esq.
                                                Daniel Infuso, Esq.
26                                              *Attorneys for Plaintiff,*

27                                              BORIS TRIPOLSKIY

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury to the fullest extent as permitted by law.

Dated: November 30, 2022

**DRE LAW, A.P.C.**

By: _____
Darren M. Richie, Esq.
Antonio Castillo, III, Esq.
Daniel Infuso, Esq.
*Attorneys for Plaintiff,*
BORIS TRIPOLSKIY

# EXHIBIT A



# EMBLEM™ MRI S-ICD SYSTEM
## Subcutaneous Implantable Defibrillator

## System Specifications

The EMBLEM MRI S-ICD is the second device in the EMBLEM S-ICD family and builds on previous size, longevity and remote patient management enhancements. Data from the head to head PRAETORIAN trial demonstrated non-inferiority and concluded that the S-ICD has comparable performance to transvenous ICDs (P=0.01). Unlike transvenous ICDs, the EMBLEM MRI S-ICD System leaves the heart and vasculature untouched, which results in significantly fewer lead complications (P=0.001) as well as fewer complications overall.[1]

The EMBLEM MRI S-ICD has been tested and approved for use in the MR environment when the conditions of use are met. It contains a separate MRI mode with a timer that will automatically return the device to programmed settings. AF Monitor™ has also been added. This is a tool designed to assist in the detection of new onset, silent, or the progression of AF through R-R variability. The SMART Pass filter is designed to reduce cardiac over-sensing and data has demonstrated that the inappropriate shock rate for S-ICD is now lower than transvenous ICDs.[2]

## Pulse Generator Specifications[3,4]
### Mechanical Specifications

| | |
|---|---|
| Model Number | A219 |
| Size (W x H x D) | 83.1 x 69.1 x 12.7 mm |
| Mass | 130 g |
| Volume | 59.5 cc (cm³) |
| Longevity | 8.7 years* |
| Battery | Boston Scientific Li/MnO₂ |
| Device C-Code | C1722 |



### ImageReady™ MR-Conditional Technology

| | |
|---|---|
| Compatible Electrodes | 3010, 3400, 3401, 3501 |
| Magnet Strength | 1.5T |
| Specific Absorption Rate (SAR) limits for the entire active scan (Normal Operating Mode) | • Whole body averaged, ≤ 2.0 watts/kilogram (W/kg)<br>• Head, ≤ 3.2 W/kg |
| There are no anatomical exclusion zones or time restrictions. | |

## Programmable Parameters

| | |
|---|---|
| Shock Zone | 170 bpm - 250 bpm (steps of 10 bpm) |
| Conditional Shock Zone | Off, On 170 bpm - 240 bpm (minimum 10 bpm less than Shock Zone) |
| S-ICD System Therapy | Off, On |
| Post-shock pacing | Off, On (50 ppm, max 30 sec, demand-based) |
| Induction capability | 1-10 sec (50 Hz/200 mA) |
| Delivered Energy | 80J biphasic (only programmable during manual shock and induction test: 10J - 80J, steps of 5J) |
| Shocks per episode | Maximum of 5 shocks |

## Diagnostic Tools

| | |
|---|---|
| AF Monitor | Information Provided:<br>• Number of days with measured AF in the last 90 days<br>• Estimate of measured AF in the last 90 days (%)<br>Performance: Sensitivity ≥ 87% Positive Predictive Value ≥ 90% |
| Episode storage | S-ECG storage for over 40 arrhythmic events (treated and untreated) |
| Other data | Electrode impedance<br>System status (remaining battery life, patient alerts, etc.)<br>Date and time stamp |

*NOTE: Longevity projections and the associated energy consumption is based on analysis of >2800 Emblem patients followed on LATITUDE, June 2017.
1. Knops R. et al., A Randomized Trial of Subcutaneous versus Transvenous Defibrillator Therapy: The PRAETORIAN Trial. Heart Rhythm Society Late Breaking Clinical Trials LBCT-01 2020.
2. Gold M. et al., Understanding Outcomes With The S-ICD In Primary Prevention Patients With Low Ejection Fraction (UNTOUCHED) Trial Primary Results. Heart Rhythm Society Late Breaking Clinical Trials LBCT-02 2020.
3. EMBLEM MRI S-ICD User's Manual 359480-004 EN US 2018-10.
4. MRI Technical Guide 359474-001 EN US 2015-11.

# EMBLEM™ MRI S-ICD SYSTEM

## Subcutaneous Electrode Specifications



### Specifications

| Model Number | 3501 |
|---|---|
| Type | Tripolar |
| Length | 45 cm |
| Distal tip size (Diameter) | 11.5 Fr/3.84 mm |
| Coil size (Diameter) | 9 Fr/3 mm |
| Electrode shaft size (Diameter) | 7 Fr/2.33 mm |
| Sensing surface area | |
| Distal | 36 mm² |
| Proximal | 46 mm² |
| Sensing location | |
| Distal | At tip |
| Proximal | 120 mm from tip |

### Specifications

| Defibrillation surface area | 750 mm² |
|---|---|
| Defibrillation location | 20 - 100 mm from tip |
| Materials | |
| Insulation | Polycarbonate polyurethane |
| Electrodes | MP35N |
| Conductors | MP35N |
| Connector pin | MP35N |
| Integrated Suture Sleeve | Radiopaque White Silicone |
| Slit Suture Sleeve | Silicone |
| Electrode C-Code | C1896 |

**EMBLEM™ MRI S-ICD System**

**INDICATIONS FOR USE** The S-ICD System is intended to provide defibrillation therapy for the treatment of life-threatening ventricular tachyarrhythmias in patients who do not have symptomatic bradycardia, incessant ventricular tachycardia, or spontaneous, frequently recurring ventricular tachycardia that is reliably terminated with anti-tachycardia pacing.

**CONTRAINDICATIONS** Unipolar stimulation and impedance-based features are contraindicated for use with the S-ICD System.

**WARNINGS** Concomitant use of the S-ICD System and implanted electromechanical devices (for example implantable neuromodulation/neurostimulation systems, ventricular assist device (VAD), or implantable insulin pump or drug pump) can result in interactions that could compromise the function of the S-ICD, the co-implanted device, or both. The S-ICD is intended as lifesaving therapy and should be seen as priority in the decision and evaluation of concomitant system implants over non-lifesaving applications. Electromagnetic (EMI) or therapy delivery from the co-implanted device can interfere with S-ICD sensing and/or rate assessment, resulting in inappropriate therapy or failure to deliver therapy when needed. In addition, a shock from the S-ICD pulse generator could damage the co-implanted device and/or compromise its functionality. Verify sensing configuration, operation modes, surgical considerations and existing placement of all involved devices prior to any co-implant. To help prevent undesirable interactions, test the S-ICD system when used in combination with the co-implanted device, and consider the potential effect of a shock on the co-implanted device. Induction testing is recommended to ensure appropriate detection and time to therapy for the S-ICD and appropriate post-shock operation of the co-implanted device. Failure to ensure appropriate detection and time to therapy delivery of the S-ICD system could result in patient injury or death. Following completion of the interaction testing, thorough follow-up evaluation of all co-implanted devices should be performed to ensure that device functions have not been compromised. If operational settings of the co-implanted devices change or if patient conditions changes which may affect S-ICD sensing and therapy performance, re-evaluation of the co-implanted devices may be required. Do not expose a patient with an implanted S-ICD System to diathermy. EMBLEM S-ICD devices are considered MR Conditional. Unless all MRI Conditions of Use are met, MRI scanning of the patient does not meet MR Conditional requirements for the implanted system. The Programmer is MR Unsafe and must remain outside the MRI site Zone III. During MRI Protection Mode the Tachycardia therapy is suspended. MRI scanning after ERI status has been reach may lead to premature batter depletion, a shortened device replacement window, or sudden loss of therapy. The Beeper may no longer be usable following an MRI scan.

Do not expose a patient with an implanted S-ICD System to diathermy. EMBLEM S-ICD devices are considered MR Conditional. Unless all MRI Conditions of Use are met, MRI scanning of the patient does not meet MR Conditional requirements for the implanted system. The Programmer is MR Unsafe and must remain outside the MRI site Zone III. During MRI Protection Mode the Tachycardia therapy is suspended. MRI scanning after ERI status has been reach may lead to premature batter depletion, a shortened device replacement window, or sudden loss of therapy. The Beeper may no longer be usable following an MRI scan. The pulse generator may be more susceptible to low frequency electromagnetic interference at induced signals greater than 80 uV. The S-ICD System has not been evaluated for pediatric use.

**PRECAUTIONS** For specific information on precautions, refer to the following sections of the product labeling: clinical considerations, sterilization and storage, implantation, device programming, environmental and medical therapy hazards, hospital and medical environments, home and occupational environments, follow up testing, explant and disposal, supplemental precautionary information.

**POTENTIAL ADVERSE EVENTS**

Potential adverse events related to implantation of the S-ICD System may include, but are not limited to, the following: Acceleration/induction of atrial or ventricular arrhythmia, adverse reaction to induction testing, allergic/adverse reaction to system or medication, bleeding, conductor fracture, cyst formation, death, delayed therapy delivery, discomfort or prolonged healing of incision, electrode deformation and/or breakage, electrode insulation failure, erosion/extrusion, failure to deliver therapy, fever, hematoma/seroma, hemothorax, improper electrode connection to the device, inability to communicate with the device, inability to defibrillate or pace, inappropriate post shock pacing, inappropriate shock delivery, infection, injury to or pain in upper extremity, including clavicle, shoulder and arm, keloid formation, migration or dislodgement, muscle/nerve stimulation, nerve damage, pneumothorax, post-shock/post-pace discomfort, premature battery depletion, random component failure, stroke, subcutaneous emphysema, surgical revision or replacement of the system, syncope, tissue redness, irritation, numbness or necrosis.

Patients who receive an S-ICD System may develop psychological disorders that include, but are not limited to, the following: depression/anxiety, fear of device malfunction, fear of shocks, phantom shocks.

92436235 (Rev. A)

**CAUTION:** Federal law (USA) restricts this device to sale by or on the order of a physician. Rx only. Prior to use, please see the complete "Directions for Use" for more information on Indications, Contraindications, Warnings, Precautions, Adverse Events, and Operator's Instructions.



**Boston Scientific**
Advancing science for life™

**Rhythm Management**
300 Boston Scientific Way
Marlborough, MA 01752-1234
www.bostonscientific.com

*Medical Professionals:*
*1.800.CARDIAC (227.3422)*
*Patients and Families:*
*1.866.484.3268*

© 2020 Boston Scientific Corporation or its affiliates. All rights reserved.

CRM-770004-AC

Case 2:22-cv-09251-PA-JC Document 1-1 Filed 12/21/22 Page 24 of 53 Page ID #:33

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 10:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Aguilas, Deputy Clerk
22STCV37602

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| DRE APC<br>Daniel Infuso, Esq.<br>222 N. Canon Pl, Ste 201<br>Beverly Hills, CA 90210 | | |

TELEPHONE NO.: 213-265-7888   FAX NO.:

ATTORNEY FOR *(Name):* BORIS TRIPOLSKIY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
TRIPOLSKIY v. BOSTON SCIENTIFIC CORPORATION, Et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV37602 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☑ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence             f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/30/2022

Daniel Infuso, Esq.
_____
(TYPE OR PRINT NAME)                                              ▶ _____
                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| TRIPOLSKIY v. Boston Scientific Corp., Et. al. | 22STCV37602 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 11/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| TRIPOLSKIY v. Boston Scientific Corp., Et. al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| TRIPOLSKIY v. Boston Scientific Corp., Et. al. | |

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Contract** (Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 11/22          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                    AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| TRIPOLSKIY v. Boston Scientific Corp., Et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 11/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| TRIPOLSKIY v. Boston Scientific Corp., Et. al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | Los Angeles, CA 90046 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90046 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __11/30/2022__          _____

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 11/22 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/01/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV37602 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Linfield | 34 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/01/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
—————————————————————————— )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

      Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

      The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

---

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary?  If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at ***www.lacourt.org*** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

[ Print ]   [ Save ]                                          [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re )  ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )  EXTENDING TIME TO RESPOND BY
Stipulations )  30 DAYS WHEN PARTIES AGREE
 )  TO EARLY ORGANIZATIONAL
 )  MEETING STIPULATION
 )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

4  DATED: _May 11, 2011_      _Carolyn B. Kuhl_

                     Carolyn B. Kuhl, Supervising Judge of the
                     Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm